UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, | Case No. 4:23-cv-5130-TLW |
| PLAINTIFF | |
| v. | |
| Patrick Lewis Huff; Lisa Arlene Thomas; Jerome Scott Kozacki; Samuel Buddy Arthur, III; County of Marlboro, | **ORDER** |
| DEFENDANTS | |

Plaintiff Kathy Reaves, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the above-named defendants. ECF No. 1. Her claims arise out of her 2021 arrest in Marlboro County, South Carolina on a warrant issued by the State of Georgia.[1] ECF No. 1. Plaintiff has filed multiple lawsuits in state and federal court based on claims arising out of her arrest and at least twelve of these cases have been dismissed by this Court. In this case, Plaintiff asserts claims against the attorneys for parties in several of Plaintiff's other cases.[2] *Id.* Additionally, she asserts claims against Marlboro County. *Id.*

This action was assigned to United States Magistrate Judge Thomas E. Rogers, III, for review pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge

---

[1] As noted by the Magistrate Judge, this is *twentieth* lawsuit filed by Plaintiff in the recent past. ECF No. 8 at 1.

[2] Defendant Huff is an attorney for Cpl. Charles M. Dickens, who Plaintiff has sued in a state court case in Marlboro County. ECF No. 8 at 2. Defendant Thomas is Dicken's attorney in No. 4:22-cv-318-TLW-TER and No. 4:22-cv-639-TLW. *Id.* Defendant Kozacki is an attorney for the South Carolina Law Enforcement Division, who Plaintiff has sued in No. 4:22-cv-318-TLW-TER and in No. 4:22-cv-639-TLW. *Id.* at 3. Plaintiff has attempted to pursue Defendant Kozacki in his capacity as defendants' attorney before in Nos. 4:22-cv-1024-TLW-TER and 4:22-cv-1142-TLW-TER, which were summarily dismissed as frivolous. *Id.* Finally, Plaintiff sues Defendant Arthur, who is an attorney for Marlboro County in No. 4:22-cv-318-TLW-TER and in No. 4:22-cv-639-TLW. *Id.*

reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, which directs the Court to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. ECF No. 8. Accordingly, the Magistrate Judge filed a Report and Recommendation ("Report"), recommending that this Court dismiss Plaintiff's complaint with prejudice and without service of process. To summarize, the Report found that Plaintiff's complaint was subject to summary dismissal because:

(1) The attorney-defendants are not subject to suit under § 1983 because they are not state actors;

(2) Plaintiff's claims based on Marlboro County's municipal and supervisory liability over its court clerk employees and judges are subject to dismissal because no supervisory liability can originate where there is no underlying liability. Here, there is no underlying liability because judges are immune from civil suit for actions taken in their judicial capacity, and no applicable exception to this rule is present in Plaintiff's case;

(3) The Rooker-Feldman doctrine bars Plaintiff from challenging in federal court either (1) the outcome of her 2023 state court case or (2) the final judgments in prior state court cases;

(4) Plaintiff has failed to plausibly state a conspiracy claim regarding either the attorney-defendants or Marlboro County,

(5) Plaintiff's claims have previously been dismissed as frivolous and are barred by the doctrine of claim splitting.

*Id.* at 3–9.

Plaintiff filed objections to the Report. ECF No. 10. Her objections do not go to the substance of the Report. Instead of addressing the Magistrate Judge's legal conclusions, Plaintiff reasserts allegations related to her 2021 arrest and requests that this case, along with all of her other pending cases (including those that have

been dismissed), be transferred to the Honorable Leigh Martin May of the United States District Court for the Northern District of Georgia. *Id.* at 2–3.

In reviewing Plaintiff's objections to the Report, the Court is charged with reviewing *de novo* any portion of the Magistrate Judge's Report to which a *specific objection* is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). Moreover, to constitute a "specific objection" warranting *de novo* review, an objection must be made with "sufficient specificity so as reasonably to alert the district court to the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

Plaintiff has not offered specific objections to the Report. The Magistrate Judge's Report discusses in detail why Plaintiff's complaint both fails to state a claim and is subject to summary dismissal. Plaintiff has not contested this analysis,

instead she has reasserted allegations related to her arrest. These renewed allegations are not "specific objections" warranting *de novo* review. Even so, the Court has reviewed the Magistrate Judge's analysis *de novo* and finds that the Report properly concludes that Plaintiff's claims are subject to summary dismissal for failure to state a claim.

The Court has also reviewed Plaintiff's request that this case be transferred to the Northern District of Georgia. It concludes that Plaintiff has not asserted a persuasive basis for the transfer of venue. Moreover, even if she had, the Court finds that transferring this case would be an improper use of judicial resources because this case remains subject to summary dismissal for the reasons stated by the Magistrate Judge.

Accordingly, in light of the standard in *Wallace*, the Court has carefully reviewed both the Magistrate Judge's Report and Plaintiff's objections. For the reasons stated by the Magistrate Judge, the Report, ECF No. 8, is accepted. Plaintiff's objections, ECF No. 12, are overruled. this matter is dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

_s/Terry L. Wooten_
Senior United States District Judge

November 15, 2023
Columbia, South Carolina